UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GINA PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23 CV 87 RWS |
| | ) |
| MARTIN O'MALLEY[1], | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Gina Phillips brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision will be reversed and remanded for further proceedings.

### Background

Phillips protectively filed a Title II application for a period of disability and disability insurance benefits on October 21, 2020. Tr. 326. She also protectively filed a Title XVI application for supplemental security income on October 29, 2020.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit.

Tr. 328. Phillips alleged that her disability began on January 1, 2018, due to PTSD, depression, anxiety, and panic attacks. Tr. 328, 405.

Phillips' application was denied at the initial claims level. Tr. 139, 145. Phillips then filed a request for reconsideration. Tr. 149. Upon reconsideration, Phillips' application was denied again. Tr. 152, 162. Phillips then filed a request for a hearing before an administrative law judge ("ALJ"). Tr. 169. A hearing was held on November 10, 2021, and a supplemental hearing was held on April 19, 2022. Tr. 36, 47. On July 28, 2022, the ALJ issued a decision denying Phillips benefits, finding that she was under a disability but that her substance abuse was a contributing factor material to the determination of disability. Tr. 17–27. As a result, the ALJ concluded that Phillips was not disabled within the meaning of the Social Security Act at any time from the alleged onset date though the date of decision. Tr. 27. On March 23, 2023, the Appeals Council denied Phillips' request for review. Tr. 1. As a result, the ALJ's decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

Phillips filed this action on May 25, 2023, seeking judicial review of the Commissioner's final decision. Phillips argues that the Commissioner's decision should be reversed because (1) the ALJ did not properly conclude that substance abuse was material to the determination of disability; and (2) the ALJ did not properly evaluate medical opinion evidence.

2

## **Legal Standard**

To be eligible for disability benefits under the Social Security Act, a claimant must prove that she is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a "medically determinable physical or mental impairment" that can be expected to result in death or which has lasted or can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). A claimant will be declared disabled only if her impairment or combination of impairments is of such severity that she is unable to engage in her previous work and—considering her age, education, and work experience—she is unable to engage in any other kind of substantial gainful work in the national economy. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner engages in a five-step evaluation process: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether the claimant has the RFC to perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520. The burden of proof rests with a claimant through

3

the first four steps but shifts to the Commissioner at step five.  *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009).

When reviewing a denial of disability benefits, my role is limited to determining whether the Commissioner's decision complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.  *Id.*  Substantial evidence refers to less than a preponderance but enough for a reasonable person to find it adequate to support the Commissioner's decision.  *Id.*  I must affirm the Commissioner's decision if, "after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).  I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome.  *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).

Additional analysis is necessary if there is medical evidence of substance abuse in the record.  20 C.F.R. § 416.935(a).  If there is such evidence, the ALJ is required to determine if the substance abuse is a material contributing factor to the claimant's disability, with the "key factor" in the analysis being whether the ALJ "would still find [the claimant] disabled if [she] stopped using drugs or alcohol."  20 C.F.R. § 416.935(b)(1).  The ALJ must determine which of the claimant's disabling limitations, physical or mental, would remain if the claimant stopped using substances or alcohol, and then determine whether any or all of the remaining

4

limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the ALJ finds a claimant's remaining limitations would not be disabling, the substance abuse is a material contributing factor to the claimant's disability and the ALJ must conclude the claimant is not disabled. 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935(b)(2)(i). In contrast, if the ALJ finds the remaining limitations would be disabling by themselves, the substance abuse is not material and the ALJ must conclude the claimant is disabled. 20 C.F.R. § 416.935(b)(2)(ii).

## **ALJ Decision**

The ALJ denied Phillips disability benefits after finding that she was not disabled within the meaning of the Social Security Act at any time from the date of her alleged onset of disability through July 28, 2022, the date of the decision. Tr. 27. At step one, the ALJ found that Phillips had not engaged in substantial gainful activity since January 1, 2018. *Id.* At step two, the ALJ found that Phillips had the following severe impairments: major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, methamphetamine-induced mood disorder, and methamphetamine use disorder. *Id.* At step three, the ALJ found that, including Phillips' substance use, the severity of her impairments met the criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* However, the ALJ found that if Phillips' substance use was a contributing factor material to the disability, and that if she stopped the substance use, she would not have an

5

impairment that met such severity. Tr. 19. At step four, the ALJ found that if Phillips stopped the substance use, she would have the RFC to perform a full range of work at all exertional levels but with some non-exertional limits. Tr. 21. Based on RFC, the ALJ found that Phillips was unable to perform any of her past relevant work. Tr. 26. However, at step five, the ALJ found that Phillips was capable of performing other jobs that existed in significant numbers in the national economy. *Id.* A vocational expert identified the following jobs within Phillips' RFC as existing in significant numbers in the national economy: industrial cleaner (16,312 positions); hospital cleaner (49,111 positions); and dishwasher (107,197 positions). *Id.* Because Phillips was capable of performing other jobs that existed in significant numbers in the national economy in the absence of substance use, the ALJ concluded that she was not under a disability at any point during the relevant period. Tr. 27.

## Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt Phillips' recitation of facts, ECF No. 10-1, to the extent they are admitted by the Commissioner, ECF No. 13-1, as well as the additional facts submitted by the Commissioner, ECF No. 14-1, as they are not contested by Phillips. Additional facts will be discussed as necessary to address the parties' arguments.

**Discussion**

Phillips argues there is not substantial evidence to support the Commissioner's decision. In her brief in support of the complaint, she asserts two arguments. First, she argues that the ALJ failed to properly evaluate the materiality of Phillips' substance abuse in finding she only met medical listing 12.06 when considering her substance abuse. Second, she argues that the ALJ failed to properly evaluate Dr. Hayat's opinion in determining it was unpersuasive when not considering Phillips' substance abuse. Defendant responds that the ALJ properly considered Phillips' drug abuse and properly evaluated medical opinion evidence.

A.  Materiality of Substance Abuse

An individual "shall not be considered to be disabled" if drug abuse or alcoholism ("DAA") is a material contributing factor to the disability. *See* 20 C.F.R. §§ 404.1535; 416.935. The claimant has the burden of proving that DAA was not a material contributing factor to the disability. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2005).

The Social Security Administration's policy interpretation ruling SSR 13-2p establishes the process for an ALJ to follow in conducting a DAA inquiry. *See* Social Security Ruling, SSR 13-2p, 2013 WL 621536 (Feb. 20, 2013). If the claimant has at least one other medically determinable impairment that could be disabling by itself, the ALJ must determine whether the other impairment might

7

improve to the point that the claimant would not be disabled if she stopped using drugs or alcohol.  SSR 13-2p, 2013 WL 621536, at *7.  This requires the ALJ to "project the severity of the claimant's other impairment(s) in the absence of DAA." *Id.*

To determine that DAA is material, the ALJ "must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA." *Id.*  For mental impairments, the ALJ is not permitted to "rely exclusively on medical expertise and the nature of a claimant's mental disorder" to support a finding that DAA is material.  *Id.*  Determining whether DAA is a material contributing factor to the disability when the claimant is actively abusing alcohol or drugs "is necessarily [] hypothetical and therefore more difficult than the same task when the claimant has stopped." *Brueggemann v. Barnhart*, 348 F.3d 689, 694–95 (8th Cir. 2003).  However, the ALJ may draw inferences from evidence during periods of abstinence based on the length of the abstinence, how recently it occurred, and whether the severity of the co-occurring impairment increased after the abstinence ended.  SSR 13-2p, 2013 WL 621536, at *12.

The text of the ALJ's decision demonstrates that he followed the proper procedure in considering whether Phillips was disabled in light of all her limitations, including DAA, and subsequently considering whether her limitations would remain in the absence of DAA.  Upon doing so the ALJ considered only plaintiff's

8

symptoms, not the causes of her symptoms, and concluded that plaintiff's substance use disorders were a contributing factor material to the disability determination and that she was unable to engage in substantial gainful activity. As required by the Regulations, the ALJ then considered whether plaintiff's limitations would remain when the effects of her substance and alcohol use disorders were absent.

The ALJ identified medical reports and testimony supporting his conclusion that Phillips' mental impairments would not be disabling in the absence of substance use. Here, the ALJ determined that Phillips' "medically determinable impairments could reasonably be expected to produce the alleged symptoms, and that [Phillips'] statements concerning the intensity, persistence, and limiting effects of these symptoms are generally consistent with the evidence when substance abuse is included." Tr. 22. The ALJ then provided a discussion of Phillips' disability during periods of alleged abstinence and found that Phillips would have only moderate limitations if the substance use was stopped. Tr. 20.

The ALJ identified medical records and reports purportedly supporting his decision that Phillips' mental impairments would not be disabling in the absence of substance use. But none of the records identified by the ALJ sufficiently address whether Phillips would remain disabled if she quit substance use. In making his determination, the ALJ summarized medical evidence from December 2017 to October 2021 as evidence of improvement in Phillips' condition when she stops

9

substance use. Tr. 22–24. However, the ALJ's reliance on the records as evidence of periods of abstinence is undercut by Phillips' admission that she "had been using methamphetamines almost daily since 2017." Tr. 18; *see Nelson v. Saul*, 413 F. Supp. 3d 886, 913 (E.D. Mo. 2019) (explaining that the ALJ's reliance on opinions and records during alleged abstinent periods was "completely undercut by plaintiff's admission of methamphetamine" and other drug use during that time). Because the opinions during this time "appear[] to have been based on [Phillips'] false representations she was not using drugs," *Nelson*, 413 F. Supp. 3d at 913, none of the medical opinions can be read as stating an opinion as to whether Phillips would still be disabled in the absence of DAA. Additionally, to the extent the ALJ found that Phillips can carry out activities of daily living despite her substance use, this "does not serve as evidence to separate the effects of [Phillips'] mental impairments from the effects of her substance abuse." *See id.* at 920–21 (quoting *Elliot v. Astrue*, 2008 WL 2783486, at *9 (D. Colo. July 16, 2008)). As a result, the evidence does not adequately separate the effects of Phillips' substance use from the effects of her co-occurring mental disorders and does not lend substantial support to the ALJ's decision.

    B.    <u>Evaluation of Dr. Hayat's opinion</u>

The ALJ must "evaluate the persuasiveness of medical opinions by considering (1) whether they are supported by objective medical evidence, (2)

whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)).  However, "[t]he first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)).

Phillips contends that the ALJ's analysis of Dr. Hayat's opinion lacked consistency and supportability. Including Phillips' substance use, the ALJ found Dr. Hayat's assessment of marked limitations persuasive. Tr. 19. But based on Dr. Hayat's treatment notes, the ALJ did not find persuasive Dr. Hayat's statements about her limitations in the absence of substance use. Tr. 24. Instead, the ALJ found that in the absence of substance use, the medical evidence shows that she improves and is able to work. Tr. 22. However, as discussed above, given Phillips' admission that she had used methamphetamine nearly daily since 2017, it is not clear what effect substance abuse has on her disability. As a result, the ALJ's findings are inconsistent with Dr. Hayat's opinion and unsupported by the record.

C.   Instructions on Remand

For the reasons stated above, the ALJ's Decision was not supported by substantial evidence. I find that the current record cannot support a disability determination either in favor of or against Phillips. As a result, a remand to the Commissioner is warranted for further administrative proceedings to revisit the

11

sequential DAA evaluation process from the RFC assessment forward, because the record needs to be further developed regarding whether DAA is material to plaintiff's disability. On remand, the ALJ's DAA analysis and review of the evidence, which may include supplemental medical examinations and consultation with a medical expert, is governed by Social Security Ruling 13-2p, which sets forth how a DAA analysis should be conducted in cases involving co-occurring mental disorders, and the Regulations otherwise applicable under the five-step sequential disability evaluation. In addition, Phillips should be afforded a reasonable opportunity to supplement the medical evidence to address the issues identified herein.

## Conclusion

The decision of the Commissioner is reversed and remanded for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4. Upon remand, the ALJ is directed to develop the record in a manner consistent with the Court's opinion. The Court does not disturb the ALJ's determination that in accordance with the five-step sequential evaluation process plaintiff is disabled when all impairments, including substance and alcohol use, are considered.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and this case is **REMANDED** for further proceedings consistent with this Memorandum and Order.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

                                                     RODNEY W. SIPPEL
                                                     UNITED STATES DISTRICT JUDGE

Dated this 24th day of September 2024.

13